## Textile Workers Union of America, AFL-CIO, Appellant, v. Herbert B. Newton & Company.

Argued November 24, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Jerome L. Markovitz,* with him *S. Robert Levant,* and *Markovitz, Stern & Shusterman,* for appellant.

*Bruce R. Wright,* with him *Moore, Panfil & James,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 5, 1959:

The Pennsylvania Arbitration Act of April 25, 1927, P. L. 381, 5 P.S. 161, et seq., in section 1 thereof provides: "Validity of Arbitration Agreements. A provision in any written contract, except a contract for personal services, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

After thus establishing the validity, irrevocability and enforceability of arbitration agreements, the act in sections 2, 3 and 4 creates the machinery by which such agreements can be enforced. Of particular significance in the instant case is section 3 which, in relevant part, provides: "The party aggrieved by the alleged failure, neglect, or refusal of another to perform under a written agreement for arbitration, may petition the court of common pleas of the county having jurisdiction for an order to show cause why such ar-

bitration should not proceed in the manner provided for in such agreement. . . . the court, upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . ."

The appellant (plaintiff below) filed a petition to compel Herbert B. Newton and Company, appellee, to arbitrate the question of the company's responsibility to pay vacation pay under the terms of the bargaining agreement. The company answered alleging that no vacation pay was due and that the collective bargaining agreement (which contained the agreement for arbitration) had been terminated by the appellant. The company contended the termination ended any duty on the part of the appellee to arbitrate. The lower court agreed with the appellee on both positions, holding that where a party to a written agreement containing a provision requiring arbitration of disputes arising under the terms of the agreement terminates the agreement, the terminating party cannot require arbitration.

The court below was led to this conclusion by a misunderstanding of the appellant's claim. Appellant did not claim any benefits under the contract after the termination, but did base its claim "upon the demand . . . that accrued vacation pay be paid to eligible employes in accordance with the provisions of the aforesaid agreements. . . . up to and including said termination dates. . . ."

Clearly, the appellant seeks redress for claims which arose under the agreement but the action of the court below would preclude such relief. While our research has disclosed no Pennsylvania cases, the decision in the New York case of *Lane v. Endicott Johnson Corp.*, 274

App. Div. 833, 80 N.Y.S. 2d 639, affirmed by memorandum opinion 299 N.Y. 725, 87 N.E. 2d 450 (1949), *cert. denied* 338 U.S. 892 (1949), would seem to adequately demonstrate that "The only issue in a proceeding of this character is whether a contract to arbitrate was in fact made and whether there is a refusal to proceed to arbitrate. The fact that the contract is no longer in existence is immaterial."

Similarly, of more recent vintage, is *Potoker v. Brooklyn Eagle,* 2 N.Y. 2d 553, 161 N.Y.S. 2d 609, 141 N.E. 2d 841 (Ct. App. 1957), *cert. denied* 355 U.S. 883 (1957), where the contention that the termination of a contract did not terminate the effect of a provision to arbitrate disputes arising out of the contract was again affirmed. Both the *Lane* and *Potoker* cases, supra, were also cited by the New Jersey Superior Court in *Botany Mills, Inc. v. Textile Workers Union of America,* 50 N.J. Super. 18, 141 A. 2d 107 (1958), again holding that though the contract may have expired prior to the invocation of the arbitration process the expiration does not oust or preclude jurisdiction of the arbitrator.

Order reversed. Rule compelling arbitration made absolute.