Aster *v.* The Jack Aloff Company, Appellant.

616

Argued September 15, 1959. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, and Watkins, JJ. (Hirt, J., absent).

*David Freeman,* with him *Claude O. Lanciano,* for appellant.

*Joseph H. Lieberman,* for appellee.

Opinion by Gunther, J., November 11, 1959:

This is an appeal from the confirmation of an award of arbitrators made under the terms of a contract. In December, 1956, Jay Aster, individually and trading as Wingate Construction Co., appellee, entered into a contract with the United States of America for the construction of a swimming pool and bathhouse and other improvements at the Maguire Air Force Base in Wrightstown, New Jersey. On January 2, 1957, appellee entered into a written subcontract for the electrical work required under the contract with The Jack Aloff Company, a partnership. This contract was subsequently assigned to the same company organized as a corporation in violation of the express provisions contained therein. The contract provided for the arbitration of any dispute arising between the contractor and the subcontractor, the settlement for which was not otherwise provided for in the agreement.

In the course of construction, certain disputes arose between the parties relative to the work to be performed and the materials to be furnished by the subcontractor, and on May 17, 1957, the machinery for arbitration was put into motion. Appellant appointed one arbitrator and on May 27, 1957, the appellee appointed an arbitrator. The court below appointed a third arbitrator. However, previous to the selection of arbitrators, appellant was discharged from the job under a specific provision of the contract authorizing such discharge. Numerous meetings of the arbitrators were held and on February 14, 1958, an award was handed down in which the respective rights to compensation and damages belonging to the respective parties were detailed. This award and decision of the arbitrators were filed with the court below and, subsequent thereto, appellant filed a motion to vacate, modify and correct the award of the arbitrators. Appellee filed a

motion to confirm the award, and the court below on January 21, 1959, confirmed it and discharged the motion to vacate or modify the award and decision. This appeal followed.

The sole issue raised on this appeal is whether the appellant could refuse to arbitrate the dispute between it and the appellee. The appellant contended in the court below and here that since the appellee elected to terminate the contract of employment, the arbitration features of that contract were also terminated and, therefore, the board of arbitrators had no jurisdiction to determine any issues arising from such contract.

The Pennsylvania Arbitration Act of 1927, April 25, P. L. 381, 5 P.S. section 161 et seq., in section 1 thereof provides: "Validity of arbitration agreements. A provision in any written contract, except a contract for personal services, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Section 3 of the same act, in part, provides: "The party aggrieved by the alleged failure, neglect, or refusal of another to perform under a written agreement for arbitration, may petition the court of common pleas of the county having jurisdiction for an order to show cause why such arbitration should not proceed in the manner provided for in such agreement. . . . the court, upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . ."

While resort to the procedure outlined above was not followed exactly in the instant case, there is no doubt whatever that the agreement provided for arbitration and that there was a failure to comply therewith. There is no doubt, furthermore, that under the provisions of the Arbitration Act, supra, any provision in such agreement which gives the right to either one party or the other to terminate the agreement, the provision as to arbitration continues to be valid, irrevocable and enforceable. The action of the court below, therefore, in appointing the third arbitrator and authorizing the board of arbitrators to hear and dispose of all matters in controversy was proper. In *Textile Workers Union v. Herbert B. Newton & Co.*, 394 Pa. 422, 147 A. 2d 155, the Supreme Court expressly ruled on the contention of the appellant, holding that although the contract may have terminated prior to the invocation of the arbitration process, such termination does not oust or preclude jurisdiction of the arbitrators.

The action of the court below in refusing to vacate, modify or correct the award of the arbitrators was also proper. Appellant went to the arbitration hearings with full knowledge that appellee was going to submit to arbitration the claims which were covered by the award. It gave testimony to contradict the claim of appellee and to support its own claim. It cannot now be heard to complain that the arbitrators had no jurisdiction to determine the issue. The subject matter was clearly granted to them under the Arbitration Act, supra, and the appellant subjected his person to such arbitration. Where an agreement provides for arbitration, that is the forum for a dispute and not the court. *Wirkman v. The Wirkman Company*, 392 Pa. 63, 139 A. 2d 658. Generally, it has been established that, unless restricted by the agreement of submission, arbi-

620

trators are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either. *Patriotic Order Sons of America Hall Ass'n. v. Hartford Fire Insurance Co.,* 305 Pa. 107, 157 A. 259; *Application of Westinghouse Air Brake Co.,* 166 Pa. Superior Ct. 91, 70 A. 2d 681.

Judgment affirmed.