*104
 
 Froessel, J.
 

 In this action against the defendant contractor, the plaintiff subcontractor seeks: (1) to foreclose two mechanics’ liens for work allegedly performed under the subcontract; (2) to recover on the labor and material bond given by defendant contractor and its surety; (3) to recover for work and extra work allegedly performed under its subcontract and for loss of profits thereunder; (4) to recover additional damages resulting from defendant’s alleged interference with and delays of plaintiff in the prosecution of its work under the subcontract; and (5) a recovery under former section 25-a of the Lien Law as a result of nonpayment for work allegedly performed under the subcontract.
 

 The complaint alleges numerous acts in violation of. the subcontract and among others the following: That defendant failed to make two progress payments due plaintiff; that defendant prevented plaintiff from doing the paving work in three “ critical ” areas, defendant taking over such work with its own forces, notwithstanding the fact that plaintiff was “ready, willing and able ” to proceed with such work as soon as defendant gave plaintiff the necessary grade stakes in those areas; that defendant directed plaintiff to remove its equipment from the contract work; that defendant refused to give plaintiff proper access to the project and refused to provide the proper subgrades; that defendant “ repudiated ” the subcontract; and that defendant “interfered with, hindered and wholly prevented the completion by plaintiff of the work to be performed by it under its said subcontract ”.
 

 Defendant contractor moved for a stay of this action pending arbitration in accordance with an agreement of the parties, contained in' the subcontract, which agreement provided for the submission to arbitration of ‘ ‘ All questions that may arise under this contract and in the performance of the work thereunder ”. Both courts below held that the instant controversy was not arbitrable, and accordingly denied the motion for a stay.
 

 Plaintiff on this appeal argues that, since it alleges a breach and repudiation of contract by defendant, the controversy and questions which arise are not in “ recognition ” of the contract and hence are not arbitrable. This contention is without merit. Suits for breach of contract raise issues concerning the mutual rights and obligations of the parties to the contract These issues
 
 *105
 
 must be resolved by reference to and interpretation of the provisions of the contract, and are comprehended within the scope of the instant arbitration agreement. To allow plaintiff to conclusorily frame the issue in terms of breach and repudiation, and thereby avoid arbitration, would render the instant arbitration agreement meaningless.
 

 Plaintiff's argument is based on some language in
 
 Matter of Young
 
 v.
 
 Crescent Development Co.
 
 (240 N. Y. 244) which the courts below felt constrained to follow. In that case, the parties had agreed, in language identical with that contained in the instant agreement, to submit future disputes to arbitration. In its petition demanding arbitration in that case, the contractor claimed there was due it two sums of money — -a large sum
 
 “for work and materials
 
 and a still larger sum by way of damages because the owner had
 
 delayed
 
 it in the performance of the contract” (emphasis supplied; 240 N. Y., at p. 247). Chief Judge Hiscock, writing for the court, framed the questions presented in the case as follows: First, “ whether the contractor’s
 
 claim for damages
 
 because of the alleged fault of the [owner] in
 
 preventing
 
 the performance of the contract is a dispute which comes within the fair interpretation of the arbitration clause in the contract ” (emphasis supplied; ibid.); and, second,
 
 “
 
 whether the receivers of the contractor by filing mechanics’ liens upon and against [the owner’s] property have done something which is so inconsistent with their right to arbitration that they must be regarded as having waived or abandoned that right ’ ’
 
 *
 

 (id.,
 
 at pp. 247-248). The first question was answered by the opinion in the negative and the second in the affirmative.
 

 In the course of his response to the first question, which dealt only with the claim for damages arising out of delay caused by the owner, Chief Judge Hiscock defined the scope of the agreement to arbitrate. However, the holding in the case did not actually turn on the scope of the submission, as defined; it turned rather on waiver and abandonment of the right to arbitrate (the second question framed) upon which six judges agreed. The tenor of the opinion makes this apparent. To quote Chief Judge Hiscock, the first question was
 
 “ close and debatable
 
 ” and
 
 “ passing this
 
 ” first question, he proceeded to discuss the
 
 “more important
 
 question” of waiver and abandonment.
 
 *106
 
 Further, since the majority disposed of plaintiff’s two claims — one of which was not even discussed — on the basis of waiver and abandonment, there was no necessity to dwell even doubtfully upon the first alleged ground.
 

 Our holding in
 
 Matter of Marchant
 
 v.
 
 Mead-Morrison Mfg. Co. (252 N. Y.
 
 284) is apt and decisive here. The instant dispute between Lizza and De Lillo had its origin in the contract and prominently raises issues concerning the rights and obligations of the parties under the contract and in the performance thereunder. It is, therefore," arbitrable, in accordance with the fair meaning of their agreement, except, on the basis of our holding in
 
 Matter of Marchant
 
 v.
 
 Mead-Morrison Mfg. Co.,
 
 with regard to one aspect of the claim for consequential damages asserted in the fourth cause of action. As to that claim, the issue of breach of contract is within the scope of the instant submission, but the assessment of damages is not. In
 
 Matter of Marchant
 
 v.
 
 Mead-Morrison Mfg. Co.
 
 the arbitration agreement, which is ' akin to that at bar, provided for the submission of 1 ‘ any controversy [which] * * * shall arise as to the construction of the terms and conditions of this' contract, or as to its performance ”
 
 (id.,
 
 at p. 290). We held that, while the arbitrators could determine whether or not there was a breach of the contract, it was beyond their power to assess consequential damages for a bankruptcy caused by a delay of one of the parties.
 

 We recognize that the arbitration clause here is not quite as broad as in such cases as
 
 Matter of Lipman (Haeuser Shellac Co.)
 
 (289 N. Y. 76). There, the language of the arbitration clause provided for arbitration of
 
 1 ‘
 
 any and all controversies in
 
 connection
 
 with the contract ’ ’
 
 (id.,
 
 at p. 80; emphasis supplied). From such cases, and in connection with such broad arbitration provisions, the principle has evolved that ‘ ‘ all issues subsequent to the making of the contract are not for the court but for the arbitrators ”
 
 (ibid.).
 
 Here, the arbitration clause may be said to be somewhat limited.
 

 Accordingly, we hold that the controversy existing between the parties to this action is arbitrable in accordance with their agreement, except as to the assessment of dapiages under plaintiff’s fourth cause of action. The orders of the Appellate Division and Special Term should therefore be modified so as to provide for the granting of the motion to stay this action, except
 
 *107
 
 as to the assessment of damages under the fourth cause of action, and as so modified affirmed, with costs. The question certified should be answered in the negative.
 

 Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur.
 

 Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to appellant in this court and in the Appellate Division. Question certified answered in the negative.
 

 *
 

 The law has since been changed; see Lien Law, § 35.