Isadore Bookstein, J.
Petitioner seeks a permanent stay of a demand made by respondent for arbitration and of any arbitration proceedings pursuant to such demand.
On March 1, 1954 the petitioner entered the employ of respondent under a written contract which contained a restrictive covenant prohibiting petitioner from engaging in competition with respondent for a period of two years after the termination of his employment. The contract also contained a clause for arbitration of any dispute with reference to the terms and conditions of the agreement.
It appears that the employment was terminated on August 22, 1958 so that the restrictive covenant runs until August 22, 1960. It further appears that, in violation of the restrictive covenant, petitioner did engage in one competitive enterprise for a church in Schenectady, which enterprise commenced on September 5, 1958 and terminated on November 3, 1958 for which petitioner received as remuneration the sum of $5,000.
After the termination of that enterprise, respondent made a demand, dated November 12,1958, for arbitration of the dispute, to wit, the breach by respondent of the restrictive covenant in the contract of employment. The demand contained a heading, *1012 reading as follows: “Claim or Relief Sought: (Amount if any) ”. No amount was inserted.
Under that heading, there was inserted the following: “ The undersigned seeks to obtain an injunction against Henry P. Brandt, Jr., either directly or indirectly, for a period of two years from the date of termination of his employment with Lawson Associates, Inc. to engage in a business wherein the undersigned employee either individually or as a partner or stockholder in a corporation shall conduct the same or similar type of business being conducted by Lawson Associates, Inc., or shall conduct any business which shall in any manner compete - with Lawson Associates, Inc.”
In point of fact, the employee was not an “undersigned” on the demand, but that is immaterial.
Petitioner protested against the arbitration on the ground that there was no dispute, since he claimed he was no longer violating the restrictive covenant. Be that as it may, the arbitration was had and the arbitrators made an award granting respondent the relief sought, to wit, injunctive relief. On its motion, over the opposition of petitioner, Special Term, New York County, confirmed the award and by order of July 7,1959 made the award the judgment of this court and imposed costs which petitioner paid.
On September 21, 1959 petitioner received from respondent a new demand for arbitration on the same form as the first demand and under the heading of “ Claim or relief sought ”, there is contained the following:
“ An arbitration hearing was heretofore held at the American Arbitration Association granting relief to the petitioner to enjoin Henry P. Brandt, Jr. from directly or indirectly engaging in a business wherein he, either individually or as a partner or stockholder in a corporation, from conducting the same or similar type of business being conducted by Lawson Associates, Inc. or from conducting any business which shall in any manner compete with Lawson Associates, Inc. until August 22, 1960. This award was confirmed by the Supreme Court in the State of New York, County of New York.
“ The claim made herein is for the sum of Five Thousand ($5000.00) Dollars, being the amount which Henry P. Brandt, Jr. received in violation of his contract and which is the amount which represents the damages suffered by Lawson Associates, Inc. as a result of said breach of contract.”
Thus, we have a situation where respondent instituted arbitration proceedings for a breach of the restrictive covenant in *1013 the employment contract; sought therein only injunctive relief; was awarded such relief and such award has ripened into fruition as a judgment of this court.
Now it seeks a second arbitration asking money damages for the identical breach for which it has already had an award by way of injunctive relief. Petitioner in this proceeding seeks a permanent stay against such second arbitration. The precise question here presented appears to be one of first impression.
The reverse of the situation, that is, where the losing party in an arbitration proceeding has attempted to invoke a second arbitration, which involved a trial of the same issues already determined in the first arbitration proceeding, has been passed upon and it has been held that the court has the right to stay such second arbitration at the threshold. (See Matter of Spring Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, affd. without opinion 300 N. Y. 586.)
It is a general rule that “ Where the merits of a controversy are referred to an arbitrator * * *, his determination * * * is final and conclusive # * * and however disappointing it may be the parties must abide by it.” (Matter of Wilkins, 169 N. Y. 494, 496, 497.)
There is at least a suggestion in two reported cases that the court has the power to stay in arbitration in a situation such as this.
In Matter of Hines (Ziegfeld) (222 App. Div. 543) at page 549, the court said: “ Only where it is clear that there is nothing to arbitrate may there be a refusal on the part of the court to further the arbitration.”
In Matter of Wenger & Co. v. Propper Silk Hosiery Mills (239 N. Y. 199) at page 202, the court said: “ Unquestionably, a claim may be so unconscionable * * * as to justify the court in refusing to order the parties to proceed to arbitration
It is the law of this State that when one brings an action in equity for an injunction and obtains it, he cannot thereafter bring another action for money damages for the same cause which entitled him to an injunction. See Maflo Holding Corp. v. S. J. Blume, Inc. (308 N. Y. 570) where the court said at page 574: “ The first cause of action is based on the failure to allow access to the premises. It is the same cause of action which has been litigated on the merits to a final adjudication. Therefore, it is final as to all things which might have been litigated as well as those actually litigated. (Schuylkill Fuel Corp. v. Nieberg Reatty Corp., 250 N. Y. 304.) The plaintiff is precluded from suing for damages upon the first cause of action of the *1014 complaint herein. In Inderlied v. Whaley (85 Hun 63, affd. 156 N. Y. 658), it was held that since a plaintiff could have demanded damages in the injunction action and did not do so, he was precluded from suing for them in a later action. This is the rule in this State.” (See, also, Schmidt v. Weyell, 60 Misc. 370.)
Is this fundamental rule less so as to arbitration ? I think not.
The reason for the rule against splitting a cause of action is stated as follows in volume 2 of Carmody-Wait on New York Practice at pages 439-440: “If there exists in favor of a party but one cause of action, generally only one action can be brought and one recovery had. The rule is a salutary one, intended to prevent vexatious and oppressive litigation, in order that a party may noit be subjected to unnecessary expense and litigation.”
Moreover, section 1466 of the Ovil Practice Act provides as follows: ‘ ‘ The judgment so entered has the same force and effect, in all respects as, and is subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.”
Here respondent has a judgment entered upon the award already made. If such judgment had been recovered in an action, instead of resulting from an award, and if respondent then brought an action for damages, it is indisputable that it could not maintain it. (Maflo Holding Corp. v. S. J. Blume, Inc., supra.)
Since by section 1466 of the Civil Practice Act, the judgment entered in favor of respondent on the award ‘1 has the same force and effect, in all respects as, and is subject to all the provisions of law relating to, a judgment in an action ”, it seems logical that the judgment bars any action by suit or by arbitration to recover money damages for the dispute already arbitrated.
It seems to me that there is nothing to arbitrate and that the attempt to force an arbitration, under such circumstances, should be halted at the threshold.
Motion granted. Submit order.
All papers to attorneys for petitioner, except respondent’s brief, which is transmitted to its attorney.