## Majcher v. Bronder

*A. E. Rosenfield,* for plaintiff.

*Walter J. Wagner,* for defendant.

DUFF, J., May 19, 1960.—The pleadings herein show that a contract and the nonpayment of amounts claimed thereunder are the issues involved; that under certain clauses of the contract the court sustained preliminary objections to plaintiff's action in assumpsit and, upon motion of the parties, appointed an arbitrator to form, with party-appointed arbiters, a board to determine the rights of the parties; that hearings were held by the board of arbitration and an award made and that defendant has filed exceptions thereto and seeks to have the court set forth proper conclusions of law and resubmit the case to the board for complete findings of fact and an amended award based upon the conclusions of law stated by the court.

The contract between these parties contained the following provision:

"Article XII. In case the Owner and Contractor fail to agree in relation to matters of payment, allowance or loss referred to in Articles III, IV, V and VII of this contract (alterations, removal of non-complying or condemned materials or work, balance if owner forced to complete work and cost of delay caused by Owner, respectively), then the matter shall be referred to a Board of Arbitration to consist of one person selected by the Owner, and one person selected by the Contractor, these two to select a third. The decision of any two of this Board shall be final and binding on both parties hereto. Each party shall pay one-half of the expense of such reference."

The questions herein involved arise under articles III and V of the said contract and the arbitration thereof is governed by the provisions of the Arbitration Act of April 25, 1927, P. L. 381, no. 248, which, by its section 10, 5 PS §170, limits the power of a court to vacate awards and direct a rehearing only upon

grounds that the award was procured by corruption, fraud or undue means; partiality or corruption of the arbitrators; prejudicial misconduct of the arbitrators, or action by the arbitrators in excess of their powers or with such imperfection that a final definite award was not made.

Defendant's exceptions do not aver fraud or corruption. The majority report of the board shows that the arbiters determined the meaning of the payment provisions of the contract, stated therein as finding of fact no. 3, and, after finding the facts to which the payment provisions applied, made an award in accordance with their interpretation of the said payment clauses. Defendant, therefore, has failed to show that the majority of the board either exceeded their powers under the Arbitration Act or imperfectly executed them.

It is well settled in Pennsylvania that an award in such case will not be reviewed or set aside: Westinghouse Air Brake Company Appeal, 166 Pa. Superior Ct. 91; Wirkman v. Wirkman Company, 392 Pa. 63; Aster v. The Jack Aloff Company, 190 Pa. Superior Ct. 615.

An order dismissing the exceptions and confirming award by the majority of the board of arbitration accordingly will be made.

### Order of Court

And now, May 19, 1960, it is ordered, adjudged and decreed that defendant's exceptions to the majority report of arbitrators are dismissed and judgment is entered in favor of Paul F. Majcher, plaintiff, and against Herman J. Bronder, defendant, in the sum of $9,886.40, with interest thereon at six percent per annum from May 1, 1957, in the aggregate of $1,807.17.

The costs of these proceedings are to be borne by

defendant, and the costs of the arbitration proceedings are to be divided equally between the parties.