291 So.2d 258 (1974)
David GERSH, Appellant,
v.
CONCEPT HOUSE, INC., a Non-Profit Florida Corporation, Appellee.
No. 73-1052.
District Court of Appeal of Florida, Third District.
February 27, 1974.
Pertnoy, Spaet & Greenberg, Miami, for appellant.
Pallot, Stern, Proby & Adkins, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.

REVISED OPINION
PER CURIAM.
This interlocutory appeal came on to be heard on its merits. Upon consideration of the record this court determined that it did not have jurisdiction under the rule set forth in Martin v. Martin, Fla.App. 1971, 258 So.2d 6. Thereupon, we issued our opinion dismissing the appeal. Appellant's timely petition for rehearing with affidavit of the clerk of this court, demonstrated that the error was that of the clerk of the circuit court. We thereupon granted the petition for rehearing and by this judgment withdraw our prior opinion and substitute therefore this opinion upon the merits of the cause.
This interlocutory appeal is brought by the defendant and claims error upon the trial court's denial of defendant's motion to dismiss appellee's complaint for declaratory judgment. The appellee sought a declaration that the appellant had breached his employment contract with the appellee and therefore had no right to an arbitration proceeding as provided in the contract. The trial court denied appellant's motion to dismiss the complaint and entered an order staying the arbitration proceeding already in process. This appeal is from these orders.
The issue presented for our determination is whether the circuit court may stay an arbitration proceeding provided for by contract, upon a preliminary finding that the contract has been breached by the party demanding arbitration. The parties to this appeal have not found a persuasive decision in this state for their views. Our independent research has been similarly unproductive. We think that the issue must be decided upon the statute involved and this court's interpretation of the purposes *259 of the statute, as it must have been decided in the trial court. No issues as to the validity of the contract were raised. Clause "8" of the contract is an arbitration clause which reads:
"8. Any controversy of claim arising out of, or relating to this Agreement, or the breach thereof, shall be settled by arbitration in the City of Miami, County of Dade, State of Florida, in accordance with the rules then obtaining of the American Arbitration Association, and judgment upon the award rendered may be entered in any Court having jurisdiction thereof."
Fla. Stat. § 682.03(4), F.S.A., states:
"On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application."
While the first sentence of this provision is somewhat ambiguous and might be interpreted as permitting appellee's complaint to be heard by the circuit court, the second sentence is manifestly clear and unambiguous. It divests the circuit court of jurisdiction to make any determination on the issue of abandonment, or on any other factual issue other than "the making of the agreement or provision". Since appellee's complaint admits both the making of the agreement and the arbitration clause, and raises no other issues which would invoke the court's jurisdiction, the action should have been dismissed.
The decision that we have reached is supported by similar decisions in other states. See Weinrott v. Carp, 32 N.Y.2d 190, 344 N.Y.S.2d 848, 298 N.E.2d 42 (1973); De Lillo Construction Co. v. Lizza & Sons, Inc., 7 N.Y.2d 102, 195 N.Y.S.2d 825, 164 N.E.2d 95 (1959); School District No. 46 v. Del Bianco, 68 Ill. App.2d 145, 215 N.E.2d 25 (1966); Aster v. Jack Aloff Company, 190 Pa.Super. 615, 155 A.2d 627 (1959).
We therefore hold that the circuit court may not enjoin or stay an arbitration proceeding upon the ground that the contract providing for arbitration is not in force and effect because of factual matters which may have occurred since the making of the contract. Such an issue is an issue for the arbitrators. We are convinced that a contrary determination would frustrate the purposes of arbitration by furnishing a means for delay resulting in destruction of the remedy provided in the contract and approved by the statute.
The injunctive orders are reversed and the cause is remanded with directions to dismiss the complaint.
Reversed.