BERANEK, Judge.
This is an appeal by defendant, a municipality, from an order compelling arbitration under a collective bargaining agreement. This order also dismissed the complaint against the City without prejudice. The parties to the agreement are the City of Pompano Beach, on one side, and the appel-lees, a city police officer and his bargaining agent, the Broward County Police Benevolent Association, on the other. The plaintiff was a police officer employed by the City of Pompano Beach. After trying unsuccessfully to settle a wage dispute between the Police Benevolent Association and the City Manager, appellee filed a complaint in the Circuit Court against the City seeking (1) to compel arbitration; (2) dam *664 ages for breach of contract; (3) specific performance; (4) a declaratory decree; and (5) a writ of mandamus.
The City filed a motion to dismiss asserting the complaint showed the police officer had failed to follow the required steps under the collective bargaining procedures. The agreement required initially discussing the problem with an immediate supervisor and then following several other intermediary steps before arbitration. The motion to dismiss asserted that plaintiff’s noncompliance with the steps required by the contract appeared from the face of the complaint. Without the filing of further pleadings the trial court issued what purports to be a final judgment dated February 24, 1981. The judgment ordered that the parties proceed with arbitration and dismissed the complaint “without prejudice.” The judgment recites that the basic question being considered was whether a particular municipal ordinance on police wages had retrospective effect. The judgment makes no finding as to plaintiff’s alleged noncompliance with the contractual steps leading up to arbitration.
We conclude that error occurred regarding the procedures below. This is clearly a situation where the trial court proceeded too far on the basis of a request for arbitration and a motion to dismiss. The court should not have considered the merits of a legal issue (retrospective effect of the ordinance) which was nowhere raised in the pleadings. In doing so, error occurred. With deference to the trial judge, this may have resulted from counsels’ having filed five separate memoranda and counter-memoranda of law. The Directions to the Clerk contained in the record on appeal note the existence of these memo-randa but none of the documents are actually contained in the record on appeal. We can only surmise that this is where the court found the issues which were ruled upon. Apparently, the court did not file these documents with the clerk. We suggest that if a document is to be relied upon by the court and is tendered by counsel, it should be incorporated into the file. We do not wish to infer that thé result would be different if the record were more complete. The issues in a lawsuit are to be made by the pleadings rather than memoranda of law which may well discuss extraneous legal issues not raised in the pleadings. Further, the court was only at the preliminary point of compelling arbitration rather than consideration of the merits.
Appellees assert that the trial court did not actually decide the legal issue of the application of the ordinance and instead merely recognized it as an issue to be initially considered in arbitration-. Our construction of the judgment is to the contrary. We, therefore, conclude error has occurred requiring that the judgment below be vacated insofar as it ruled upon issues which should have been before the arbitrators. There was a clear demonstration of a valid agreement to arbitrate and the existence of an arbitrable issue. Thus the matter should initially proceed in arbitration and the court’s conclusion to this effect is affirmed.
The defendant’s motion to dismiss attempts to raise plaintiff’s alleged noncompliance with the contract as a legal issue for determination solely upon the pleadings. The decision in Passalacqua Builders, Inc. v. Mayfair House Ass’n, Inc., 395 So.2d 1171 (Fla. 4th DCA 1981), is urged as support of consideration of this issue initially by the court rather than the arbitrator. The Pas-salacqua decision should not be construed to remove questions of this sort from initial consideration in arbitration. The plaintiff’s alleged breach of contract is, in our opinion, a factual issue which should be initially considered by the arbitrator. See Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974). Certain waiver issues, such as waiver based upon participation in litigation, should obviously be presented and decided in the litigation rather than in arbitration. This is not the case here and this ruling is in accord with the Passalacqua case. Also see Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291 (2d Cir. 1965). The judgment compelling the parties to proceed with arbitration is af *665 firmed but in all other respects same is reversed and vacated.
AFFIRMED AND REVERSED in part, REMANDED.
LETTS, C. J., and DOWNEY, J., concur.