462 So.2d 570 (1985)
METROPOLITAN DADE COUNTY, by and through Its Mayor and Board of County Commissioners, Appellant,
v.
RESOURCES RECOVERY (DADE COUNTY) CONSTRUCTION CORP., a Delaware Corporation, Resources Recovery (Dade County), Inc., a New York Corporation, and Parsons & Whittemore, Inc., a Delaware Corporation, Appellees.
No. 84-2263.
District Court of Appeal of Florida, Third District.
January 15, 1985.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and David L. Ross and Hilarie Bass, Miami, for appellant.
Thomson, Zeder, Bohrer, Werth, Adorno & Razook and Parker D. Thomson and Susan H. April and Carol A. Licko, Miami, Wilmer, Cutler & Pickering and Deanne C. Siemer, Washington, D.C., for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
In 1976, the parties entered into three contracts[1] that collectively provided for the construction and operation of a massive resource recovery and solid waste processing facility. Each of the contracts provided for arbitration of disputes.
By early 1981, substantial disputes had arisen, and the arbitration machinery was invoked. After some twenty-seven months, the numerous claims and counterclaims were resolved, at least for the moment, by a thirty-four page Arbitration Award (the Award), entered on a split decision of the panel of three arbitrators.
The Award, as the dissenter on the panel observed, was unusual[2]: it reformed the contracts between the parties and delegated *571 to them different rights and obligations. The parties revised the Award (the Revised Award) and agreed that, as revised, it would be confirmed and made a judgment of the Circuit Court of Dade County. By March 1983, this was done.
In August 1984, the appellees filed a new arbitration demand against Metropolitan Dade County. In their demand, they sought a declaration that the County had not used its "best efforts" to arrange to complete the purchase of the electrical generating facility through the sale of bonds or otherwise (as required by the Assumption Agreement, see n. 1, supra, as reformed by the Revised Award) and the further relief of specific performance and damages. The County moved to stay arbitration, contending that the Revised Award did away with the Assumption Agreement and, concomitantly, the arbitration clause contained in that agreement. The appellees, claiming that their contractual right to arbitration was unaffected by the later Revised Award, say that only substantive provisions of the Assumption Agreement were deleted by the Revised Award and that all provisions of the Assumption Agreement not inconsistent with the Revised Award remain intact.
It is apparent that the language of the Revised Award, the agreement at issue, is seriously disputed and reasonably susceptible to different constructions. Where such is the case, an issue of fact as to the meaning of the language and the intent of the parties is presented. See Seaboard Coast Line Railroad Company v. Trailer Train Company, 690 F.2d 1343 (11th Cir.1982); Quayside Associates, Ltd. v. Harbour Club Villas Condominium Association, Inc., 419 So.2d 678 (Fla. 3d DCA 1982). See also Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981) (where disputed contract provision reasonably susceptible to more than one construction, factual issue as to meaning of provision properly submitted to jury for resolution). That issue of fact can only be resolved after an evidentiary hearing. Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982).
While it is true that at the hearing on the County's motion to stay, which culminated in the trial court denying the stay and permitting the matter to proceed to arbitration,[3] the facts and circumstances surrounding the creation of the Revised Award were aired in a discussion by counsel for the parties, there is no indication that the parties believed their discussion to be a proffer of or stipulation to facts so as to make the hearing an evidentiary one. Therefore, the trial court's ruling denying the stay of arbitration, because made without the benefit of a factual determination that the parties intended when they created the Revised Award to continue in effect the right to arbitrate all disputes, is premature. The order under review is reversed, and the cause is remanded for further proceedings to determine the intent of the parties.
Reversed and remanded.
SCHWARTZ, Chief Judge (dissenting).
In my judgment, the present controversy does not, as the majority thinks, concern the provisions of an agreement between the parties but rather the terms of an arbitration award resolving a previous contractual dispute, which was, in settling a challenge to the award, incorporated into an order of court. As such, I believe that, *572 as a matter of law, the conflicting contentions over its meaning may be resolved only by the entity which promulgated what the parties are now arguing about, the court itself. As section 682.15, Florida Statutes (1983) provides:
Upon the granting of an order confirming, modifying or correcting an award, the judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree.
Accord, 9 U.S.C. § 13; see also, Brandt v. Lawson Associates, 21 Misc.2d 1011, 196 N.Y.S.2d 835 (Sup.Ct. 1960); M. Domke, Domke on Commercial Arbitration §§ 37:00, 39:02 (Rev.ed. 1984). Because I find no basis for ordering an arbitration to decide the effect of a judgment merely because it reflects the result of a previous arbitration, I would reverse the determination below outright with directions that the existing dispute be resolved by the trial court.
NOTES
[1] The contracts were: (1) an Assumption Agreement under which Resources Recovery (Dade County) Construction Corp. (R.R.D.C.) assumed the County's contractual obligation to construct an electrical generating facility, the title to which was to be ultimately conveyed to Florida Power and Light Company; (2) a Purchase Contract under which R.R.D.C. was to construct for the County a solid waste processing and resources recovery facility; and (3) a Management Contract covering the management by one of the appellees of the latter facility.
[2] The dissent perceived the role of arbitrators to be limited to assessing damages and stated that "... an arbitration panel has no power to rewrite contracts that exist between two parties."
[3] The trial court ruled that the question of whether the issue was arbitrable was a question to be decided by the arbitrators, but if it were one for the court, arbitration would be compelled. Whether this question is for the court or the arbitrators depends on whether the party seeking the stay is asserting that no arbitration clause exists or asserting that a concededly extant arbitration clause is not in force and effect due to events which have transpired since the making of the contract. In the former instance, the question is for the court, see Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA 1982); in the latter, for the arbitrators, see Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974). Since in the present case it is urged that the Revised Award constitutes the sole contract between the parties and that such Revised Award does not provide for arbitration, the determination is for the court.