522 So.2d 512 (1988)
STEINBERG/W.F.I. FOODS, INC., Appellant,
v.
D.C.M. AND ASSOCIATES, W.F.I. Corp., a New Jersey Corporation, and Paul Berko, an Individual, Appellees.
No. 87-2610.
District Court of Appeal of Florida, Fourth District.
March 23, 1988.
Michael S. Smith of Charles C. Powers, P.A., West Palm Beach, for appellant.
Randee S. Schatz, Palm Beach, Alan R. Malasky and Lewis Rose of Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for appellee-D.C.M. and Associates.
*513 GLICKSTEIN, Judge.
This is an appeal from the trial court's order denying appellant's motion to compel arbitration. We reverse and remand.
Clear demonstration of a valid agreement to arbitrate and the existence of an arbitrable issue required the trial court to direct the matter to proceed in arbitration. City of Pompano Beach v. Meiroff, 410 So.2d 663 (Fla. 4th DCA 1982). The only claim that appellant seeks to arbitrate is the breach of lease claim set forth in Count I of the complaint. Since the only parties to the lease agreement are Steinberg and D.C.M., the remaining counts of the complaint which involve parties not signatories to the lease agreement are not subject to the arbitration provision. Thus, appellant's argument regarding the impropriety of resolving the piercing of a corporate veil issue by arbitration is unfounded, given the fact that W.F.I. Corp. is not a party to the lease agreement and that said issue would not be the subject of arbitration.
As to appellee's contention that a "piecemeal" and expensive resolution would result if this court requires a portion of the suit to be determined by arbitration and the balance to be tried in court, the Third District Court of Appeal in Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871, 875 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla. 1982), stated that arbitration may not be avoided on the basis that there exist other defendants to the lawsuit with which the plaintiff has no agreement to arbitrate. Thus, the "piecemeal" resolution of that lawsuit in which fraud was alleged, equitable relief was sought and a complex construction industry dispute was involved, was upheld. We adopt the following reasoning expounded by the Third District in Post Tensioned Engineering:
[W]e cannot accept the proposition that a party to a contract calling for arbitration may avoid that undertaking by the simple device of joining as defendants in its lawsuit others with which the party has no such agreement to arbitrate.
Id. at 875. To permit such an easy means of avoiding a contractual agreement to arbitrate would fly in the face of the Florida legislature's intention, as expressed in section 682.01, Florida Statutes, to grant legal recognition to arbitration agreements provided that there is no stipulation between the parties precluding application of the Florida Arbitration Code.
DELL and GUNTHER, JJ., concur.