567 So.2d 10 (1990)
FEATHER SOUND COUNTRY CLUB, INC., a Florida Corporation, Appellant,
v.
Donald BARBER, Appellee.
No. 90-00256.
District Court of Appeal of Florida, Second District.
August 17, 1990.
Rehearing Denied September 24, 1990.
*11 Steven C. Dupre and Lori L. Rutland of Baynard, Harrell, Mascara & Ostow, P.A., St. Petersburg, for appellant.
Jerome D. Kasriel of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellee.
CAMPBELL, Judge.
Appellant, Feather Sound Country Club, Inc., was the defendant below in an action where appellee, Donald Barber, sued for compensatory and punitive damages arising out of appellant's alleged breach of a contract. Appellant moved to dismiss on the basis that the contract contained a provision mandating arbitration of "any controversy or claim arising out of or relating to this agreement... ." The trial judge denied appellant's request to compel arbitration and this interlocutory appeal followed. We reverse.
It is clear from appellee's complaint that he bases each of his grievances against appellant on the existence and alleged breach of the written contract attached to the complaint. While appellant admits the execution of the contract, it argues that the contract had by its own terms expired prior to the time that appellant allegedly breached it. We do not reach the issue of the continued existence of the contract. Nevertheless, under the pleadings as framed, it appears that appellee can only prevail on his claims if he proves the existence of the contract and its breach by appellant. Thus, under the terms of the contract requiring arbitration, appellee is asserting a controversy or claim arising out of or relating to the agreement. While appellant's defense is based upon its allegation that the terms of the contract had expired, appellant does not deny the making of the contract nor the existence of the arbitration clause.
We are unable to differentiate this case from Metropolitan Dade County v. Resources Recovery (Dade County) Construction Corp., 462 So.2d 570 (Fla. 3d DCA 1985) and Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974). Our review of those cases leads us to conclude that sections 682.03(1) and (4), Florida Statutes (1987), unchanged since those cases were decided, mandate that courts yield their jurisdiction to arbitration where the making of the agreement and the arbitration clause therein are admitted and the issue in dispute between the parties relates only to whether the contract has been abandoned or that the once existent arbitration clause is not in force and effect due to events which have transpired since the making of the contract. We agree and thereby reverse and remand with instructions that appellee's complaint shall be stayed and that the parties shall be directed to proceed to arbitration.
DANAHY, A.C.J., and ALTENBERND, J., concur.