587 So.2d 512 (1991)
C & M VENTURES, INC., etc., et al., Appellants,
v.
Leonard WOLF and Ann Wolf, etc., Appellees.
No. 91-874.
District Court of Appeal of Florida, Third District.
September 24, 1991.
Rehearing Denied November 13, 1991.
*513 Beckmeyer & Mulick, and Nicholas W. Mulick, Tavernier, for appellants.
Terry and Frazier, and Gus H. Crowell, Orlando, for appellees.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
The Wolfs hired C & M Ventures, Inc. to build a luxury home. The contract contained an arbitration clause. In the course of construction, disputes as to the contract arose. Also, a series of changes were made during the home's construction. The issue is to what extent the arbitration clause controls as to the contract and the changes. The trial court concluded that the arbitration clause should be enforced only as to the original contract. On appeal, C & M claims the trial court erred in ordering trial to go forward as to the changes. On cross-appeal, the Wolfs argue the trial court erred in ordering arbitration of disputes as to the original contract. We agree with builder C & M.
First, the contract clearly provides for arbitration. The delay in demanding arbitration was not inconsistent with that right. See Post Tensioned Eng'g Corp. v. Fairways Plaza Assoc., 412 So.2d 871 (Fla. 3d DCA), review denied, 419 So.2d 1197 (Fla. 1982). A threat of possible litigation did not waive the right to arbitration. See Executive Life Ins. Co. v. John Hammer & Assoc., 569 So.2d 855 (Fla. 2d DCA 1990). Further, the breach claimed did not permit abandonment of the arbitration provision. Feather Sound Country Club, Inc. v. Barber, 567 So.2d 10 (Fla. 2d DCA 1990).
Next, as to the changes, the Wolfs claim they were oral. C & M submitted written documentation of each change. The Wolfs responded that although written evidence was submitted, that evidence was not in compliance with the procedure for changes required by the contract.[1] C & M responds that these were technical shortcomings and not representative of a failure of condition precedent. We disagree with the Wolfs' claim that C & M's noncompliance with the contract's instruction on changes disentitled the builder to enforce its right to arbitrate. The effect of such deviation would be for the arbiter to determine. Public Health Trust v. M.R. Harrison Constr., 415 So.2d 756 (Fla. 3d DCA 1982), review denied, 427 So.2d 737 (Fla. 1983).
Article 13 of the contract provided that disputes arising out of or relating to the contract documents would be decided by arbitration. Article 7 provided contract documents consist of:
this Agreement with General Conditions, Supplementary and other Conditions, the Drawings, the Specifications, all Addenda *514 issued prior to the execution of this Agreement, and all Modifications issued by the Architect after execution of the Contract such as Change Orders, written interpretations and written orders of minor changes in the Work. The intent of the Contract Documents is to include all items necessary for the proper execution and completion of the Work.
In light of these provisions, we find bifurcation of the dispute clearly violative of the spirit and clear wording of the contract.
Accordingly, the trial court's order is affirmed in part, reversed in part and remanded, whereupon the trial court will order arbitration of the balance of the litigation.
NOTES
[1] 18
CHANGES IN THE WORK
18.1 The Owner, without invalidating the Contract, may order Changes in the Work consisting of additions, deletions, or modifications, the Contract Sum and the Contract Time being adjusted accordingly. All such changes in the Work shall be authorized by written Change Order signed by the Owner and the Architect.
18.2 The Contract Sum and the Contract Time may be changed only by Change Order.
18.3 The cost or credit to the Owner from a change in the Work shall be determined by mutual agreement.