FLETCHER, Judge.
Brian J. Mirson seeks to reverse a non-final order granting The Corradino Group, Ine.’s [Corradino] motion to stay arbitration. We reverse.
Mirson, plaintiff-appellant, is a minority stockholder and former vice chairman of Corradino. In September of 1994, Mirson entered into an Employment Agreement with Corradino, under which he was to serve as president. The Employment Agreement contained a potential termination date of May 31, 1997, but also contained a provision where the parties by mutual agreement on or before the termination date could extend the Employment Agreement by another three years.[1] Mir- *700 son continued to be employed by Corradi-no past May 31, 1997 with no further written agreement between the parties. In January 1999, Corradino terminated Mirson’s employment, and Mirson filed a demand for arbitration, claiming that Cor-radino breached the Employment Agreement which provided that any breach of or dispute arising out of the Employment Agreement shall be settled via arbitration in Miami.[2] The arbitrator established a discovery schedule, and set a date for the arbitration. Corradino subsequently filed an action in circuit court to stay the arbitration.[3] After a hearing, the court granted a limited stay and Mirson here appeals.
It has consistently been held that courts must yield their jurisdiction where the making of an agreement containing an arbitration clause is admitted, and the issue in dispute relates only to whether the agreement has been abandoned, or whether the arbitration clause is no longer in force and effect due to events that have transpired since the agreement was made. E.g., Feather Sound Country Club, Inc. v. Barber, 567 So.2d 10 (Fla. 2d DCA 1990)(appellant admitted the execution of contract containing arbitration provision but argued that contract had expired by its own terms prior to alleged breach; as a claim arising out of or relating to the contract, it was for arbitrators to decide); Metropolitan Dade County v. Resources Recovery(Dade County), 462 So.2d 570, 572, n. 3 (Fla. 3d DCA 1985)(where an agreement and arbitration provision are admitted, but allegedly not in effect because of subsequent circumstances, issue is for arbitrators); Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974)(circuit court is divested of jurisdiction to make any determination on any factual issue other than the making of the agreement or provision for arbitration); see section 682.03(4), Florida Statutes (1997)[4] This, is the very issue presented to the lower court in the instant case: whether factual circumstances subsequent to the making of the Employment Agreement and arbitration clause had occurred — i.e., automatic expiration by its own terms without an extension agreement — which rendered the Employment Agreement and arbitration clause of no force and effect.
The record shows that the parties do not dispute that they entered into the 1994 Employment Agreement and Corradino admits the existence of the arbitration clause in that agreement. Mirson contends that he continued to be employed by Corradino after the date set for the potential expiration of the Employment Agreement based on an oral agreement to extend the original Employment Agreement *701 according to its own terms. Corradino argues in response that there was no written agreement extending the original Employment Agreement, and hence, no evidence that the Employment Agreement did not by its own terms expire by the arrival of May 31,1997.
This is an instance where “the circuit court may not enjoin or stay an arbitration proceeding on the ground that the contract providing for arbitration is not in force and effect because of factual matters which may have occurred since the making of the contract.” Gersh at 259; Metro Dade at 572, n. 3.; Feather Sound at 10.[5] Further, the determination of whether there was or was not an agreement to extend employment beyond the potential termination date in accordance with the Employment Agreement, is a matter that arises out of, and is directly related to, the Employment Agreement. Although the facts themselves are inapposite to the instant dispute, the Florida Supreme Court’s analysis in Seifert v. U.S. Home Corporation, 750 So.2d 633 (Fla.1999) supports our reversal. That Court provided:
“[I]n order for the dispute to be characterized as arising out of or related to the subject matter of the contract, and thus subject to arbitration, it must, at the very least, raise some issue the resolution of which requires a reference to or construction of some portion of the contract itself.... If such a connection to the contract is not present, [tort] claims between the parties could not reasonably be intended to have been subject to arbitration.”
Applying that analysis to the instant facts, Mirson’s allegations assert that Corradi-no’s duties and obligations arose directly from or were governed by the Employment Agreement, and thus resolution of the dispute is reasonably within the meaning of the arbitration clause “arising out of or related to” the Employment Agreement.
We reverse and remand with instructions that the stay be lifted and the parties shall be directed to proceed to arbitration.[6]

. Paragraph 8 of the Employment Agreement provides:
“This Agreement shall terminate upon [i] the date on which any person shall pur *700 chase all of the Employee’s stock in the corporation pursuant to the Buy-Sell Agreement, [ii] the date of any termination of Employee's employment by the Board of Directors under Section 5 of this Agreement, or [iii] May 31, 1997, whichever date shall be the first to occur. Provided, the corporation and the Employee by mutual agreement on or before May 31, 1997, may extend this Agreement a mutually agreeable additional term of not more than (3) years.” [emphasis in the original].

.Paragraph 13 of the Employment Agreement provides: “Any dispute or controversy arising out of or relating to this Agreement or any breach of this Agreement shall be settled by arbitration to be held in Miami, Florida in accordance with the rules then in effect of the American Arbitration Association or any successor thereto.”

. A separate suit by Mirson against Corradino involving a non-arbitrable stock agreement dispute was currently before the circuit court. Corradino argued that the circuit court stay the arbitration so that it could argue in one forum all issues against it.

. Section 682.03(4) Florida Statutes (1997) provides:
“On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.”

. The trial court relied upon to support its stay such cases as Thomas W. Ward & Assoc., Inc., v. Spinks, 574 So.2d 169 (Fla. 4th DCA 1990)("If ... the parties entered into an entirely different arrangement intended to take the place of the previous agreement, the arbitration clause may not apply” and the court must undertake to determine which agreement applies.) These are not the facts presented here.

. This result is limited to Mirson’s Complaint against Corradino based on alleged breach of the Employment Agreement.