422 So.2d 49 (1982)
CALLOWAY HOMES, INC., Petitioner,
v.
Lloyd G. SMILEY and Margaret C. Smiley, His Wife, Respondents.
No. 81-2119.
District Court of Appeal of Florida, Fourth District.
October 20, 1982.
Rehearing Denied December 8, 1982.
Richard Joseph Saliba of Grall, Saliba & McDonough, Vero Beach, for petitioner.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for respondents.
GLICKSTEIN, Judge.
At issue is whether the trial court departed from the essential requirements of law in denying the general contractor/petitioner's motion to compel arbitration with the home owners/respondents and in staying the arbitration reinstituted by petitioner under the auspices of the American Arbitration Association.[1]
Respondents filed their action in the trial court two years after executing an agreement with petitioner whereby it was to build their single family residence in Vero Beach for $191,300. Their complaint stated that the written agreement, dated September 14, 1979, expressly provided for arbitration of all disputes and that several months after the home was to have been completed petitioner filed a claim with the arbitration association for $86,500. They also alleged, however, that within a few days of filing the claim petitioner agreed to withdraw the demand and hold respondents harmless for any sum over the contract price of $191,300. Additionally, they contended the hold harmless agreement removed the parties' contractual relationship from the arbitration clause in their original contract.
The trial court expressed at the hearing that it was denying the motion to compel arbitration without prejudice in order to *50 study the complaint  and presumably the answer thereto which it ordered petitioner file within twenty days. Thereafter petitioner, rather than seeking any determinative ruling from the trial court, sought relief in this court to quash the order ultimately entered  which did not recite that it was entered without prejudice or pending consideration of the pleadings.
The trial court's duty in this case is published in sections 682.03(1) and (4), Florida Statutes (1981):
(1) A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
... .
(4) On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.
We interpret this statutory duty to include the determination of whether a substantial issue has arisen as to the termination of a prior contractual provision for arbitration; and if such issue is found to exist  then to resolve it summarily.
Summarily means quickly but not precipitately; and it is clear from the transcript that the trial judge needed the opportunity to study the complaint. It is equally clear that it was respondents' burden to allege sufficient facts from which the issue of termination could arise and, if denied by petitioner, to prove such termination so that the trial court could make such determination  summarily.
The present petition was premature and is therefore denied.
LETTS, C.J., and BERANEK, J., concur.
NOTES
[1] Petitioner did not call to the trial court's attention in its motion or in the argument at the hearing thereon that respondents  two weeks after petitioner filed its renewed demand for arbitration and shortly before they filed the action in circuit court which led to the order being questioned  also filed a demand for arbitration. Accordingly, we have not considered any references by petitioner to respondents' demand.