574 So.2d 169 (1990)
THOMAS W. WARD & ASSOC., INC., d/b/a Ward Technology, Appellant,
v.
Hugh G. SPINKS and Charles J. Salvo, Appellees.
No. 90-1907.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
Rehearing Denied March 5, 1991.
Raymond M. Masciarella, II, of Raymond M. Masciarella, II, P.A., North Palm Beach, for appellant.
Joel D. Kenwood of Woods, Oviatt, Gilman, Sturman & Clarke, Boca Raton, for appellees.
PER CURIAM.
We treat this petition for writ of certiorari from an order compelling arbitration as an appeal of a non-final order under Rule 9.130(a)(3)(C)(v).
The parties had entered into written agreements containing arbitration clauses. One of the agreements had expired by its terms. Appellant alleged that the other was terminated by abandonment. Appellant also alleged and sought to prove that both written agreements were superseded by a new oral agreement substantially changing the terms of engagement between the parties and not containing any agreement to arbitrate. Appellees disputed the termination by abandonment of the one contract and the new oral contract alleged by the other appellant. Without determining whether or not the new oral contract was entered, the trial court ordered arbitration after finding in essence that many of the allegations of appellant's causes of action arose out of their original relationship.
We hold it was error for the trial court to compel arbitration before it determined as a factual matter whether the parties intended to continue to be bound by the arbitration clause after the written contracts terminated. Fla. Stat. § 682.03(1) (1989); Calloway Homes, Inc. v. Smiley, 422 So.2d 49 (Fla. 4th DCA 1982). See Metropolitan Dade County v. Resources Recovery Const. Corp., 462 So.2d 570 (Fla. 3d DCA 1985). If, as appellant alleges, the parties entered into an entirely different arrangement intended to take the place of *170 the previous agreement the arbitration clause may not apply. Whether or not a dispute should be submitted to arbitration is a question for the court to determine from the contract of the parties. Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc., 484 So.2d 610 (Fla. 5th DCA 1986). Thus, the trial court cannot leave it to the arbitrators themselves to determine which claims are subject to arbitration when it has not established which agreement applies.
We therefore reverse and remand for further proceedings consistent with this opinion.
ANSTEAD, WARNER and GARRETT, JJ., concur.