597 So.2d 930 (1992)
MODERN HEALTH CARE SERVICES, INC., Appellant,
v.
John M. PUGLISI, M.D., and John M. Puglisi, M.D., P.A., Appellees.
No. 92-205.
District Court of Appeal of Florida, Third District.
April 28, 1992.
Rehearing Denied June 9, 1992.
Goldstein & Tanen and Susan E. Trench, Miami, for appellant.
Hunt, Cook, Riggs & Mehr and Robert J. Hunt and David A. Riggs, Boca Raton, for appellees.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
Modern Health Care, Inc. (Modern) appeals a court order requiring it to make periodic payments to Puglisi pursuant to an agreement. We reverse for the following reasons.
In 1987, the parties entered into an Asset Purchase Agreement under which Modern purchased the practice and goodwill of Puglisi, P.A. In February 1991, Puglisi filed a demand for arbitration pursuant to the Agreement seeking a determination that the Agreement had been terminated. In April 1991, while the arbitration was pending, Modern filed suit in circuit court against Puglisi for a temporary injunction, seeking the return of patient records and property which Puglisi had wrongfully removed. The court issued an order requiring Puglisi to return all files and records to Modern and requiring further that "the status quo be maintained as it existed as of March 14, 1991."
*931 The parties then entered into an agreement outlining their interpretation of "status quo," and providing that either party had a right to submit the issue to the arbitrator. Subsequently, however, the parties disagreed over the meaning of the term "status quo," and specifically disagreed as to whether Modern was obligated to continue payments to Puglisi for services rendered at the contract rate of $30,000 per month.
When Modern failed to make its December payment, Puglisi filed a motion for contempt in the circuit court seeking a clarification whether Modern was obligated to comply with the April injunction order and whether it was obligated to continue compensation payments to Puglisi at the rate of $30,000 monthly. Following the hearing, conducted over objection on jurisdictional grounds, Modern was ordered to continue monthly payments to Puglisi pursuant to the Agreement. Modern appeals from that order, contending that the court lacked jurisdiction due to the pendency of the arbitration action and that the court improperly applied its contempt power. We address the dispositive jurisdictional question and reverse.[1]
It is well established that the institution of arbitration proceedings pursuant to chapter 682, Florida Statutes (1991), "divests the circuit court of jurisdiction to make any determination on the issue of abandonment, or on any factual issue other than `the making of the agreement or provision.'" Gersh v. Concept House, Inc., 291 So.2d 258, 259 (Fla. 3d DCA 1974). In this case, the issue of monthly payments had been placed before the arbitrator by Puglisi prior to the time the court entered the April 1991 order which made determinations on that very subject. Because the arbitrator had full authority to grant the relief sought by Puglisi, the circuit court was without jurisdiction. Gersh. See also Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980) (where right to arbitrate is not in dispute, permitting parties to litigate dispute in court instead of proceeding by arbitration as agreed would constitute a departure from the essential requirements of the law); § 682.03, Fla. Stat. (1991).
Puglisi's argument that Modern waived any right to now object to jurisdiction because it originally invoked the jurisdiction of the court when it sought injunctive relief is without merit. While Modern did invoke the court's jurisdiction, it did so solely for extraordinary relief outside the arbitration provision  return of property which Puglisi had wrongfully and tortiously removed. See Ziegler v. Knuck, 419 So.2d 818 (Fla. 3d DCA 1982) (only prosecution or defense of a lawsuit on the issues which are subject to arbitration may constitute waiver of a party's right to compel arbitration on those issues). In its circuit court action for injunctive relief, Modern never sought any determinations on Puglisi's compensation claim, an issue which was still in the arbitration forum. For that reason, there was neither an abandonment of arbitration nor an implied waiver. Post Tensioned Engineering Corp. v. Fairways Plaza Assocs., 412 So.2d 871 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla. 1982).
Reversed and remanded with directions to proceed in arbitration.
NOTES
[1] Nevertheless, we also agree with Modern that a court's contempt power cannot be used to enforce an agreement which is not part of a final judgment. Woodco, Inc. v. B & H Realty Corp., 501 So.2d 1330 (Fla. 3d DCA 1987).