PER CURIAM.
Morex Consolidators Corp., et ah, appeal a nonfinal order denying their motion to compel arbitration. We have jurisdiction pursuant to Fla.R.App.P. 9.130(a)(3)(C)(v), and affirm.
Industry Shipping and Commerce, Inc., (the owner) chartered a cargo ship to Morex. The charter-party provided that any dispute between the owner and Morex would be referred to an arbitration panel, and that the results of the arbitration would be final. On December 9, 1992, Morex failed to make a scheduled charter payment in the amount of $74,587.50; the owner exercised its right to seize Morex assets in Panama. On December 23, 1992, Morex and its principal executed and delivered a “Joint Stipulation and Settlement Agreement with Provision for Judgment upon Default” to the owner in Dade County. The Joint Stipulation established a payment schedule and provided that should Morex fail to make the payments to the owner, upon that default the owner was entitled to file suit against Morex, and that the Joint Stipulation served as “conclusive and binding evidence that the amount set forth in paragraph No. 1 is owed.” The Joint Stipulation further provided that upon Mo-rex’ default, the owner was entitled to “Final Judgment, ex parte, and without hearing for the full amount owed as set forth in paragraph No. 1 above, plus accrued interest and reasonable attorney’s fees and costs incurred on enforcing this agreement.” The Joint Stipulation did not mention arbitration.
Morex failed to make payment pursuant to the Joint Stipulation. On January 26, 1993, the owner filed suit based upon Morex’ breach of the Joint Stipulation. The next day, Morex sent the owner a letter demanding arbitration pursuant to the charter-party, and on February 4, 1993, filed a motion to compel arbitration. Following a hearing on the motion, the trial court denied the motion.
The trial court correctly determined that Morex was not entitled to enforce the arbitration clause contained in the charter-party, as Morex waived its arbitration rights when it executed and delivered to the owner the Joint Stipulation. “Florida courts recognize that a party’s contractual right to arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with that right.” Lapidus v. Arlen Beach Condominium Ass’n, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981) (citations omitted). See also Hardin Int’l, Inc. v. Firepak, Inc., 567 So.2d 1019 (Fla. 3d DCA 1990) (parties waived right to arbitrate when they chose to resolve dispute through litigation); Rosen v. Shearson Lehman Bros., Inc., 534 So.2d 1185, 1186-87 (Fla. 3d DCA 1988) (same), rev. denied, 544 So.2d 200 (Fla.1989).
By entering into the Joint Stipulation, Morex chose to resolve the dispute through litigation and even to forego the bulk of the litigation process by consenting to the entry *991 of a default judgment for liquidated damages. We cannot envision a party taking a course of action more inconsistent with its contractual right to arbitrate. See Post Tensioned Eng’g Corp. v. Fairways Plaza Assocs., 412 So.2d 871, 874 (Fla. 3d DCA) (“For an act to be inconsistent with the right to arbitrate, and thus constitute a waiver of that right, it must repudiate the right of the party who does the act.”), rev. denied, 419 So.2d 1197 (Fla.1982). Having waived its right to arbitrate, Morex was not entitled to enforce the arbitration clause.
AFFIRMED.