DAVIS, Judge.
Florida Educational Association/United (FEA) has appealed from a nonfinal order of the trial court denying its motion to stay arbitration. We reverse, and remand for further proceedings.
In 1989, appellee Sachs filed a pro se complaint in circuit court, alleging FEA’s failure to pay him under a 1977 contract for architectural services on FEA’s property. He also alleged that he had filed a lien against that property. Sachs attached to the complaint a copy of the contract, Article 11 of which provided that “all claims, disputes and other matters arising out of, or relating to this agreement or the breach thereof shall be decided by arbitration ... unless the parties mutually agree otherwise.”
FEA answered the complaint, denying its allegations and asserting numerous affirmative defenses. FEA also filed a counterclaim alleging the fraudulent filing of a lien, to wit: Sachs knew or should have known that the contract on which the lien was based was invalid, and of no force and effect. Sachs thereafter filed an amended complaint and, after an unsuccessful motion to dismiss, FEA answered the amended complaint and reasserted its counterclaim. The parties proceeded with discovery, concluding with depositions on March 7, 1991.
The only action in the case in the twelve months thereafter was the substitution and withdrawal of Sachs’ counsel in July and October 1991, respectively. Citing the foregoing inactivity, FEA moved to dismiss for *1241 failure to prosecute in March 1992. The trial court granted this motion. Only then did Sachs move to stay the court proceedings, expressing for the first time a desire to seek arbitration under Article 11 of the contract. Based on the previous dismissal of Sachs’ complaint, the trial court denied the motion as moot. FEA thereafter moved to stay arbitration as to its counterclaim, citing section 682.03(4), Florida Statutes (1991).[1]
FEA alleged in its motion either that the 1977 contract, and thus the arbitration clause contained therein, was void, or that Sachs had waived arbitration by pursuing a civil suit. Sachs did not appear at the hearing on the motion to stay at which FEA’s counsel informed the trial court that it had already participated in the arbitration process as to the counterclaim to a limited extent and under protest. FEA sought a permanent stay of arbitration based on a finding either that: 1) the arbitration agreement was void, or 2) Sachs had waived his right to arbitration by submitting his claim to the courts.
The trial court thereupon expressed itself reluctant to interfere with the arbitration proceeding and stated that the arbitration panel itself could decide the questions of voidness and waiver before proceeding to the merits of the case. In response to FEA’s argument that, if the court did not act, it would have to incur the expense of preparing for the merits of the arbitration proceeding, the court expressed the view that the arbitrators would undoubtedly settle the voidness/waiver issues before setting a merits hearing. The court orally announced its intent to deny the motion for stay without prejudice to reconsideration if the arbitrators refused to consider FEA’s defenses, but the written order entered thereafter simply denied the motion.
Section 682.03(4), Florida Statutes, mandates that courts yield to arbitration where the making of the agreement and arbitration clause are admitted, and the issue relates only to whether that contract was abandoned or no longer in effect due to subsequent events. Gersh v. Concept House, Inc., 291 So.2d 258, 259 (Fla. 3d DCA 1974). Accord Feather Sound Country Club, Inc. v. Barber, 567 So.2d 10 (Fla. 2d DCA 1990). See also Metropolitan Dade County v. Resources Recovery Construction Corp., 462 So.2d 570 (Fla. 3d DCA 1985) (if the party is asserting that an existing arbitration clause is not in effect due to events following the contract, the issue of whether a question is arbitrable is for the arbitrators); Modern Health Care Services, Inc. v. Puglisi, 597 So.2d 930 (Fla. 3d DCA 1992) (the institution of arbitration proceedings divests the court of jurisdiction over all but the making of the arbitration agreement). But see Calloway Homes, Inc. v. Smiley, 422 So.2d 49 (Fla. 4th DCA 1982) and Thomas W. Ward & Assocs., Inc. v. Spinks, 574 So.2d 169 (Fla. 4th DCA 1990) (trial court can properly address the issue of post-contract termination of an existing arbitration clause).
Under the greater weight of the authority, we find that the question here is whether FEA’s position below was that: 1) a contract between itself and Sachs containing an arbitration clause never existed (a question for the court); or 2) an existing arbitration clause was no longer in effect because of abandonment or other post-contracting events (a determination for the arbitrators). After an exhaustive review of FEA’s filings below, we find that the gravamen of those filings is that a valid contract and arbitration clause never existed. We therefore reverse the order of the trial court insofar as it defers to the arbitrators on the existence of the contract. We remand with directions to determine that issue prior to- ruling on the motion for stay. See Acumen Construction, Inc. v. Neher, 616 So.2d 98, 99 (Fla. 2d DCA 1993).
In light of this ruling, we need not address appellant’s argument on the merits of the waiver issue. We note that, should the trial court determine that, at one time, a *1242 valid contract and arbitration clause existed, the effect of any post-contracting event on that clause is an issue for the arbitrators.
Reversed and remanded with directions.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur.

. On application, the court may stay an arbitration proceeding commenced or about to be commenced if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.