650 So.2d 29 (1995)
FLORIDA EDUCATION ASSOCIATION/UNITED, etc., Petitioner,
v.
William R. SACHS, Respondent.
No. 83206.
Supreme Court of Florida.
February 9, 1995.
Robert M. Ervin, Jr., Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for petitioner.
SHAW, Justice.
We have for review Florida Education Ass'n/United v. Sachs, 627 So.2d 1240 (Fla. 1st DCA 1993), based on conflict with Calloway Homes, Inc. v. Smiley, 422 So.2d 49 (Fla. 4th DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In 1989, William R. Sachs filed a complaint against the Florida Education Association (FEA), alleging breach of a 1977 contract. FEA answered the complaint and filed a counterclaim, which was submitted to arbitration, but after Sach's complaint was dismissed for failure to prosecute, FEA, relying on section 682.03(4), Florida Statutes (1991),[1] moved to stay the arbitration proceeding. FEA's motion alleged two points, either that the contract and arbitration agreement were void or that Sachs waived his right to arbitration when he submitted his claim to the court. The trial court denied the motion, holding that the issues of voidness and waiver could be decided by the arbitration panel prior to addressing the merits of the case. The district court reversed, holding that the existence of a valid contract is an issue for the court to determine, whereas the issue of waiver is a question for arbitration.
In seeking review, FEA relies upon the opinion in Calloway Homes, Inc. v. Smiley, *30 422 So.2d 49 (Fla. 4th DCA 1982), which interprets section 682.03(4) as requiring the trial court to determine whether a substantial issue has arisen as to the termination of a prior contractual provision for arbitration, and if such issue is found to exist, then to resolve it summarily.
Calloway held that a trial court, pursuant to section 682.03(4), has a duty to resolve any substantial issues relative to whether there has been a termination of contractual provisions for arbitration, a resolution consistent with this Court's opinion in Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678, 681 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974), finding that conduct subsequent to a party's request for arbitration may constitute a waiver of the right to arbitration. In both Klosters and Calloway, the court determined the issue of waiver. In conformity with these opinions, we hold that a trial court may determine whether parties to an arbitration agreement have, by their subsequent conduct, waived their contractual right to arbitration.
We quash the decision below to the extent it holds that a court may not address the waiver issue and we remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
GRIMES, C.J., concurs with an opinion, in which OVERTON, J., concurs.
GRIMES, Chief Justice, concurring.
I cannot read section 682.03(4), Florida Statutes (1991), as authorizing the court to determine whether parties to an existing arbitration agreement have waived their right to arbitration by virtue of their subsequent conduct. Subsection (4) of section 682.03 as well as subsection (1) of the same statute each grant the court the authority to determine the issue of "the making of the agreement or provision." The statute says nothing about determining whether there has been a waiver of an existing arbitration agreement by subsequent conduct.
Notwithstanding, I believe this case may be resolved consistent with the long line of cases which hold that where one of the parties to an existing lawsuit seeks to invoke arbitration, the court may decide whether such party's conduct has waived the right to arbitration. Morex Consolidators Corp. v. Industry Shipping & Commerce, Inc., 626 So.2d 989 (Fla. 3d DCA 1993); Donald & Co. Sec., Inc. v. Mid-Florida Community Servs., Inc., 620 So.2d 192 (Fla. 2d DCA 1993); Rosen v. Shearson Lehman Bros., Inc., 534 So.2d 1185 (Fla. 3d DCA 1988), review denied, 544 So.2d 200 (Fla. 1989); Finn v. Prudential-Bache Sec., Inc., 523 So.2d 617 (Fla. 4th DCA), review denied, 531 So.2d 1354 (Fla.), cert. denied, 488 U.S. 917, 109 S.Ct. 274, 102 L.Ed.2d 262 (1988). This is what occurred in our decision in Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974). However, if there is no preexisting lawsuit and the arbitrators have already been appointed pursuant to a valid agreement, I believe that any question of waiver should then be decided by the arbitrators. See Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974).
OVERTON, J., concurs.
NOTES
[1] The subsection reads:

(4) On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.