659 So.2d 1387 (1995)
AMOUR AND MORE NORTH AMERICAN LICENSING, INC., an Illinois corporation, Amour and More, Ltd., an Illinois corporation, and James Antonsen, individually, Appellants,
v.
Randy ZAMMATTA, individually, and R.G.Z. Enterprises, Inc., a Florida corporation, Appellees.
No. 95-784.
District Court of Appeal of Florida, Third District.
September 13, 1995.
*1388 Arnstein & Lehr and Wesley A. Lauer and Leslie W. Loftus, West Palm Beach, for appellants.
Zarco & Associates and Robert M. Einhorn and Maria A. Nieto, Miami, for appellees.
Before HUBBART, JORGENSON and GERSTEN, JJ.
PER CURIAM.
This is an interlocutory appeal by the defendants Amour and More North American Licensing, Inc., Amour and More, LTD., and James Antonsen from a non-final order denying their motion to compel arbitration in an action commenced against them below by the plaintiffs Randy Zammatta and R.G.Z. Enterprises, Inc. We have jurisdiction to entertain this appeal, Art. V, § 4(b), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(v), and reverse the order under review and remand the cause to the trial court with directions to stay the action below and order the parties to arbitrate the matter in accord with the arbitration clause in the contract between the parties.
Contrary to the trial court's determination, we conclude that the defendants did not waive their contractual right to arbitration by bringing a prior suit against the plaintiffs in Illinois seeking to enforce a promissory note. This is so because the subject contract expressly gives the defendants the right to judicially enforce the promissory note apart from the relevant arbitration provisions; consequently, the filing of the promissory note action in Illinois could not possibly have waived the defendants' contractual right to arbitration in the instant action. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); Modern Health Care Servs., Inc. v. Puglisi, 597 So.2d 930 (Fla. 3d DCA 1992); compare Katzin v. Mansdorf, 624 So.2d 810 (Fla. 3d DCA 1993).
Reversed and remanded.