676 So.2d 32 (1996)
Rincci MONTESINO, Appellant,
v.
ADVENT TECHNOLOGIES, INC., Medtek Technologies, Inc. and Martin Swarzman, Appellees.
No. 95-2796.
District Court of Appeal of Florida, Third District.
June 19, 1996.
Rehearing Denied July 24, 1996.
Donald R. McCoy, Fort Lauderdale, for appellant.
Louis C. Arslanian, Winter Park, for appellees.
*33 Before JORGENSON, GODERICH and GREEN, JJ.
PER CURIAM.
The underlying dispute stems from a series of employment contracts between Rincci Montesino and at least one of the following parties: Advent Technologies, Inc. [Advent], Medtek Technologies, Inc. [Medtek], and Martin Swarzman. Montesino filed a demand for arbitration, pursuant to the dispute resolution clause contained in each of the agreements, alleging breach of contract against Advent, Medtek, and Swarzman. In turn, Advent, Medtek, and Swarzman filed a motion in circuit court to stay arbitration and for permanent injunction, pursuant to section 682.03(4), Florida Statutes (1995). After a summary hearing, the circuit court granted the motion to stay arbitration and for permanent injunction as to Advent and Swarzman, and partially granted the motion as to Medtek by allowing arbitration to proceed solely as to the last employment agreement. Montesino appeals from this order. We reverse.
A review of the record reveals that the validity of the arbitration clause itself was not attacked below, but rather, that the main issues before the trial court were whether Advent, Medtek, and Swarzman were proper parties to the arbitration and if so, pursuant to which contract. Advent, Medtek, and Swarzman argue that by extension of the holding in Florida Education Association v. Sachs, 650 So.2d 29 (Fla.1995), the trial court was vested with jurisdiction to make this determination. We disagree.
We believe that the Sachs case should be limited to its narrow holding that "a trial court may determine whether parties to an arbitration agreement have, by their subsequent conduct, waived their contractual right to arbitration." Sachs, 650 So.2d at 30. Consequently, since this case does not involve the waiver of arbitration by subsequent acts, we rely on Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974), where we have previously held that:
[T]he circuit court may not enjoin or stay an arbitration proceeding upon the ground that the contract providing for arbitration is not in force and effect because of factual matters which may have occurred since the making of the contract. Such an issue is an issue for the arbitrators. We are convinced that a contrary determination would frustrate the purposes of arbitration by furnishing a means for delay resulting in destruction of the remedy provided in the contract and approved by the statute.
Gersh, 291 So.2d at 259. See also, Medident Constr., Inc. v. Chappell, 632 So.2d 194, 195 (Fla. 3d DCA 1994)("Where fraud or some other ground for avoidance or invalidity of contract is alleged as to an entire agreement rather than specifically as to the arbitration clause contained within the agreement, the entire matter should be resolved by arbitration.").
Therefore, in the instant case, where Advent, Medtek, and Swarzman argue that some, if not all of them, are not proper parties to the arbitration because subsequent events revoked one or more of the prior employment agreements with Montesino, we find that these issues are properly left for resolution by the arbitrators. Because we find that the trial court improperly made these determinations, we reverse and remand to the trial court with directions for entry of an order directing the parties to proceed to arbitration.
Reversed and remanded with directions.