700 So.2d 62 (1997)
Thomas ROMANO and Robert Heym, Appellants,
v.
GOODLETTE OFFICE PARK, LTD., Seventh Avenue North Medical Building I, Ltd., and Gulfshore Land Management Company, Appellees.
No. 97-01526.
District Court of Appeal of Florida, Second District.
September 19, 1997.
*63 Louis X. Amato and Patricia A. King of Amato, Anderson & Nickel, P.A., Naples, for appellants.
Charles A. Murray, Naples, for appellees.
PARKER, Chief Judge.
Thomas Romano and Robert Heym, plaintiffs in the trial court, appealed the nonfinal order which denied their emergency motion to determine that the issues raised by the defendants in a counterclaim filed before the American Arbitration Association were not subject to arbitration. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). We reverse.
In 1992, the plaintiffs filed a multicount complaint against several defendants, three of which are parties to this appeal: Goodlette Office Park, Ltd., Seventh Avenue North Medical Building I, Ltd., and Gulfshore Land Management Company.[1] The complaint sought damages for breach of various contracts and fraud that arose out of business relationships between the plaintiffs and the defendants. Count I of the complaint was a claim for breach of a joint venture agreement (agreement).
In 1995, the trial court granted the defendants' motion to dismiss Count I on the grounds that the agreement contained a clause that required the parties to submit any dispute they had over the terms of the agreement to arbitration. The agreement states in pertinent part that: "In the event of any disputes over the terms of this agreement the dispute shall be submitted to arbitration under the rules of the American Arbitration Society." The eight counts that remain in the trial court's jurisdiction will not be tried until the arbitration proceedings are concluded. The claims that remain involve the various relationships between the parties, but do not relate to the terms of the contract.
In January 1996, the plaintiffs filed a demand for arbitration on their claim for breach of the agreement. In February 1997, eight weeks before arbitration was to begin, the defendants filed a counterclaim in the arbitration proceeding. The counterclaim, filed without leave of court, alleged: (1) fraud in the inducement; (2) an equitable claim of breach of fiduciary duty; and (3) claims for intentional and negligent interference with an advantageous business relationship with regard to third parties.
In response to the counterclaim, the plaintiffs filed an emergency motion to determine that the issues raised in the counterclaim filed before the American Arbitration Association were not arbitrable and for a determination that the counterclaim was barred by the statute of limitations. The trial court denied the motion. We conclude that the trial court erred in so ruling.
The trial court's order states in relevant part: "That the court hereby refers the issues raised by Plaintiff's Emergency Motion to the arbitration panel to determine whether the counterclaim is subject to arbitration and accordingly the Plaintiff's Motion is denied." (emphasis omitted.) In denying the emergency motion, the trial court did not address the merits of the plaintiffs' argument regarding arbitrability, but instead referred the determination of the issue to the arbitration panel.
*64 The trial court erred in referring the arbitrability question to the arbitration panel. In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the Supreme Court reviewed the question of who should determine arbitrability. The Supreme Court held that trial courts should not assume that the parties agreed to submit issues concerning arbitrability to the arbitrator, unless there is a clear and unmistakable agreement to do so. 514 U.S. at 944, 115 S.Ct. at 1924. Contractual silence or ambiguity regarding who determines the questions of arbitrability is insufficient to give that authority to the arbitrators. See id. The Supreme Court concluded that, in the absence of a clear agreement, parties should not be forced to submit the arbitrability issue to arbitration when they may have contemplated that it would be decided by a court. See id. at 946, 115 S.Ct. at 1925.
Even prior to the Supreme Court's opinion in First Options, one appellate court in this state recognized that decisions regarding arbitrability are to be made by the trial court, unless the parties have entered an agreement stating otherwise. In Thomas W. Ward & Associates, Inc. v. Spinks, 574 So.2d 169 (Fla. 4th DCA 1991), the Fourth District Court of Appeal stated:
Whether or not a dispute should be submitted to arbitration is a question for the court to determine from the contract of the parties. Thus, the trial court cannot leave it to the arbitrators themselves to determine which claims are subject to arbitration when it has not established which agreement applies.
Id. at 170 (citation omitted).
The agreement in this case does not contain any language specifically authorizing the arbitration panel to decide arbitrability issues; nor does it contain any broad or all-inclusive language that implicitly authorizes the arbitration panel to decide such issues.[2] Because the plaintiffs did not clearly agree to submit the arbitrability question to the arbitration panel, we conclude that the trial court must determine whether the counterclaim is subject to arbitration.
Based upon the record, this court is unable to determine whether the defendants' counterclaim was arbitrable. The trial court made no factual findings concerning the relationship between the counterclaim and the arbitration clause. From the appellate briefs submitted, it is apparent that several factual matters remain in dispute. This court's authority does not encompass weighing and evaluating evidence, for to do so would usurp the discretion and fact-finding role that the legislature has vested in the trial court. See Stock v. Stock, 693 So.2d 1080, 1084 (Fla. 2d DCA 1997).
We reverse the order denying the plaintiffs' emergency motion and remand the case with instructions that the trial court determine whether the defendants' counterclaim is arbitrable under the agreement.
PATTERSON and FULMER, JJ., concur.
NOTES
[1] The remaining defendants to the complaint, Foster Bullard, David Pittman, and Regal Manor, Ltd., are not parties to this appeal.
[2] The arbitration clause in the agreement states in full: "In the event of any disputes over the terms of this agreement the dispute shall be submitted to arbitration under the rules of the American Arbitration Society, the prevailing parties shall be reimbursed for the expense of reasonable attorney fees arising from said dispute."