830 So.2d 959 (2002)
PREMIER MEDICAL MANAGEMENT, LTD., Appellant,
v.
Andre C.J. SALAS, M. D., Peter Jansen, M.D., et al., Appellees.
No. 1D01-4378.
District Court of Appeal of Florida, First District.
November 25, 2002.
Edward M. Waller, Jr., Hala A. Sandridge, and Elizabeth Boland, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A. Tampa, for Appellant.
John D. Buchanan, Jr., and Laura Beth Faragasso, of Henry, Buchanan, Hudson, Suber & Carter, P. A., Tallahassee; Michael Bajalia, and W. Gary Yeldell, of Volpe, Bajalia, Wickes & Rogerson, Jacksonville; and Donald W. Weidner, and G. Thomas Bowden, II, of Weidner, Bowden & Weidner, Jacksonville, for Appellees.
POLSTON, J.
The parties have a contract requiring arbitration under certain conditions. The trial court denied Appellees' *960 motion for stay of arbitration, ruling that arbitration is required and that the arbitration is not binding. Appellant appealed, arguing that (i) the trial court should not have decided the case because of a prior proceeding, and (ii) the arbitration should be binding. Because the prior proceeding related to different claims, we reject Appellant's argument that the trial court should not have decided the issue. We agree with Appellant, and Appellees concede, that to the extent arbitration is required, it should be considered binding. Appellees cross-appealed, arguing that the trial court erred because Appellant's arbitration claims are not subject to the scope of the arbitration clause. We reverse.
Appellant seeks compensatory damages and other relief in its arbitration claims. Appellant also noted that it is "anticipated that some of the defendants may claim that the agreements at issue are illegal and unenforceable" and therefore "those defenses may also need to be resolved." Appellees argue that Appellant's claims are not within the scope of the arbitration clause and that they have not yet asserted a defense in the arbitration proceeding regarding the legality of the contract.
The arbitration provision of the contract was drafted to address concerns by the parties regarding compliance of its provisions with changes in the law and its interpretation. The parties provided in paragraph 7.3.c.:
[T]he parties shall (i) renegotiate and restructure this Agreement in a manner to comply with such law, rule, ruling, regulation, or interpretation, or (ii) upon the affirmative decision of both parties hereto, terminate this Agreement. Such termination shall not be considered a default under Sections 7.2 or 7.3 hereof by either party, and the relationship between the parties created hereby shall be unwound pursuant to Section 7.4 hereof. If the parties cannot agree whether this Agreement complies with any such subsequent law, rule, ruling, regulation, or interpretation or whether this Agreement or the Asset Purchase Agreement should be terminated, the matter shall be referred to arbitration, and the issue of whether this Agreement or the Asset Purchase Agreement complies with any subsequent law, rule, ruling, regulation, or interpretation or whether this Agreement or the Asset Purchase Agreement should be terminated shall be determined in accordance with the procedures for arbitration of the National Health Lawyers Association Alternative Dispute Resolution Service or any successor organization thereto. (Emphasis added).
The parties agreed, by the plain language of their agreement, to arbitrate any disagreement over (i) whether the agreement complied with the law, or (ii) whether the agreement should be terminated because of the changes in the law.[1] The various arbitration claims by Appellant, that are not related to the legality of the agreement, are not within the scope of this arbitration clause. See The Regency Group, Inc. v. McDaniels, 647 So.2d 192, 193 (Fla. 1st DCA 1994)(stating that the "agreement of the parties determines the issues subject to arbitration;" "[o]nly those claims which the parties have agreed are arbitrable may be subject to arbitration"). Therefore, the trial court erred in not *961 granting Appellees' motion for stay of arbitration as to those claims.[2]
Appellees argue that the first trigger of the arbitration provision requires arbitration only in the event that the agreement needs to be restructured or renegotiated because of changes in the law or its interpretation. Because Appellant terminated the agreement, Appellees argue, there is no remaining agreement to be revisited and therefore no arbitrable issue. We agree with Appellant that the arbitration provision should not be construed so narrowly. Id. at 193 (stating that "when a court must decide whether a particular dispute is subject to an arbitration agreement, doubts about the scope of the agreement should be resolved in favor of arbitration"). The agreement indicates that any determination of the legality of the contract should be arbitrated. Accordingly, we agree with the trial court's denial of Appellees' motion for stay of the arbitration proceeding as to the legality of the contract issue, but only to the extent there is a dispute between the parties ripe for resolution. We direct the trial court on remand, in consideration of these rulings, to determine whether there is a current arbitrable dispute regarding the legality of the contract. See Romano, 700 So.2d at 64 (remanding for further determination whether the claims are arbitrable).
REVERSED and REMANDED.
BROWNING and LEWIS, JJ., concur.
NOTES
[1] See Sears Authorized Termite and Pest Control, Inc. v. Sullivan, 816 So.2d 603, 606 (Fla.2002)(ruling on the application of the arbitration provision in the agreement based on its "plain language"). Because Appellant terminated the agreement pursuant to different provisions under the agreement, the second trigger of the arbitration provision is not applicable.
[2] Because the arbitration provision in the agreement did not provide for the arbitration panel to decide whether the claim is arbitrable, the trial court, rather than the arbitration panel, should make that determination. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); Romano v. Goodlette Office Park, Ltd., 700 So.2d 62 (Fla. 2d DCA 1997).