853 So.2d 520 (2003)
ROYAL PROFESSIONAL BUILDERS, INC., a Florida corporation, Appellant,
v.
Beth ROGGIN, Appellee.
No. 4D02-3784.
District Court of Appeal of Florida, Fourth District.
August 27, 2003.
*521 Robert D. Jones of Fuchs and Jones, P.A., Royal Palm Beach and Bruce G. Kaleita of Bruce G. Kaleita, P.A., West Palm Beach, for appellant.
Cathleen Scott of Cathleen Scott, P.A., West Palm Beach, for appellee.
SHAHOOD, J.
We affirm this non-final order denying appellant's motion to compel arbitration.
On June 29, 1992, appellant, Royal Professional Builders, Inc., and Elizabeth Roggin (along with her ex-husband) entered into a Contract for Sale and Purchase, whereby the parties agreed that Royal Professional Builders would construct a home for the Roggins on certain real property, and after construction, Royal Professional Builders would convey the improved property to the Roggins. Royal Professional Builders warranted material and workmanship for one year from the date of closing due to noncompliance with Quality Standards set forth in the Agreement. Included in the contract was "Royal Professional Builder's Custom Ten (10) Year Limited Warranty." That limited warranty provided that the home would be free from Major Structural Defects during the first ten years; it also cited numerous exclusions under the warranty. Construction was completed on or about November 13, 1992 and the property was conveyed to the Roggins.
Appellee, Elizabeth Roggin, filed a complaint for damages against Royal Professional Builders for breach of contract in February 2002 alleging that she became aware of several problems with the home prior to filing suit, including improper grading of the soil surrounding the home, substandard tile floors, termites, improperly installed concrete slab, poor construction of windows, inadequately installed ceilings, and improper duct work. Roggin claimed that Royal Professional Builders breached their contract in that the alleged inadequacies were below contract standards and sought damages on the grounds that these claims were not major structural defects as defined in the warranty agreement.
On June 25, 2002, Royal Professional Builders moved to compel arbitration and for stay of action arguing that the Limited Warranty incorporated into the contract for sale and purchase of the property provided for mandatory binding arbitration. Roggin countered that all of her claims were separate and outside the scope of the warranty's arbitration provision.
On September 4, 2002, the trial court denied the motion to compel arbitration. The trial court agreed that Roggin's claims were beyond the one-year warranty period, and otherwise not covered by the warranty attached to the contract. We agree and affirm.
The Limited Warranty Agreement provides the following in relevant part:

*522 Royal warrants that, for the first year beginning on the commencement date: the home will be free from defects in workmanship and materials due to noncompliance with the Quality Standards set forth hereinafter.
Royal warrants that during the first ten (10) years after the commencement date that the home will be free from Major Structural Defects. A "Major Structural Defect" is actual physical damage to the following designated load-bearing portions of the home caused by failure of such load-bearing portions which affects their load-bearing functions to the exten[t] that the home becomes unsafe, unsanitary, or otherwise unlivable:
1. Foundation systems and footings;
2. Beams;
3. Girders;
4. Lintels;
5. Load-bearing columns;
6. Load-bearing walls and partitions;
7. Structural floor systems; and
8. Roof framing systems.
Repair of Major Structural Defects is limited (a) to the repair of damage to the load-bearing elements of the home which are necessary to restore their load-bearing ability; and (b) to the repair of those items of the home damaged by the Major Structural Defect which make the home unsafe, unsanitary, or otherwise unlivable.
If defect occurs in an item which is covered by this Warranty, Royal will repair, replace, or at its sole option, pay the Purchaser the reasonable cost of repairing or replacing the defective item in accordance with warrantor's responsibility as defined in the Quality Standards set forth hereinafter. Anything to the contrary not withstanding, Royal's maximum liability under this Warranty shall be limited to the original purchase price of the home. The choice among repair, replacement, or payment is Royal's alon[e]. Any steps taken by Royal to correct defects shall not act to extend the time of this Warranty.
The Warranty further provides the following with regard to "Major Structural Defects":
Repair of Major Structural Defect is limited (1) to the repair of damage to the load-bearing elements of the home themselves which is necessary to restore their load-bearing ability; and (2) to the repair of those items of the home damaged by the Major Structural Defect:
a. Roof shingles and sheeting;
b. Drywall and plastering;
c. Exterior siding;
d. Brick, stone or stucco veneer;
e. Subfloor and flooring materials;
f. Wall tile or other wall coverings;
g. Non-load bearing partitions;
h. Concrete floors in attached garages and basements that are built separate from foundation walls or other structural elements of the home;
i. Electrical, heating, cooling, ventilation, mechanical, and plumbing systems; appliances, equipment, fixtures, paint, doors, windows, trim, cabinet, hardware and insulation.
Items a. through i. above with the exception of any "consumer products" as disclaimed herein, are covered by Warranty for one (1) year as described herein.
The Agreement provided that any complaints be sent to Royal Professional Builders in writing and provided the following with respect to any continuing dispute between the parties:
If Royal disagrees with the merits of a timely [filed] complaint, Royal will arrange within a reasonable period of time for arbitration of the dispute by the American Arbitration Association. Royal will advance the necessary filing fees which shall be the responsibility of the *523 unsuccessful party in the arbitration proceedings as determined by the American Arbitration Association. Royal and Purchaser will be bound by the decision of the American Arbitration Association through a single arbitrator under the construction industry rules and regulations...
On appeal, Royal Professional Builders claim that the warranty at issue provided a binding arbitration provision governing the construction claims raised by Roggin. Further, it argues that even if those claims arose after the warranty time had expired, under the arbitration clause, the claims still needed to be submitted to an arbitrator for determination.
In ruling on a motion to compel arbitration, a trial court must decide three issues: (1) whether a valid written agreement exists containing an arbitration clause; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. See Pulte Home Corp. v. Smith, 823 So.2d 305, 308-09 (Fla. 2d DCA 2002)(citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla. 1999)). Because arbitration provisions are contractual in nature, construction of such provisions and the contracts in which they appear remains a matter of contract interpretation. See Seifert, 750 So.2d at 636.
The general rule is that where an arbitration agreement exists between the parties, arbitration is required only of those controversies or disputes which the parties have agreed to submit to arbitration. See Fla. Power Corp. v. City of Casselberry, 793 So.2d 1174 (Fla. 5th DCA 2001). Because the arbitration provision in the agreement did not provide for the arbitration panel to decide whether the claim is arbitrable, the trial court, rather than the arbitration panel, should make that determination. See Premier Med. Mgmt., Ltd. v. Salas, 830 So.2d 959, 960 n. 2 (Fla. 1st DCA 2002).
Any time a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. See Advantage Dental Health Plans, Inc. v. Beneficial Adm'rs, Inc., 683 So.2d 1133, 1134 (Fla. 4th DCA 1996). While all doubts as to the scope of an arbitration agreement are to be resolved in favor of arbitration rather than against it, in this case, the arbitration clause at issue did not cover the disputed claims at issue. See id.
Upon review, we conclude that each of Roggin's claims were either excluded by the Limited Warranty or outside the one-year period of coverage. Further, none of her claims constituted a "Major Structural Defect" as defined by the Warranty set forth above. Thus, based on the Warranty provisions, Roggin's claims are outside the scope of the Warranty's arbitration clause.
AFFIRMED.
GUNTHER and POLEN, JJ., concur.